11-2091-cv
Sullivan v. New York

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**


At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 12th day of June, two thousand twelve.

PRESENT:
>        ROSEMARY S. POOLER,
>        DEBRA ANN LIVINGSTON,
>> *Circuit Judges*,
>        BRIAN M. COGAN,*
>> *District Judge*.

───────────────────────────────────────────

EDWARD J. SULLIVAN,

>        Plaintiff-Appellant,

>        v.                                                                          11-2091-cv

CITY OF NEW YORK, ET AL.,

>        Defendants-Appellees.

───────────────────────────────────────────

Appearing for Appellant:        Edward J. Sullivan, pro se, East Islip, N.Y.

Appearing for Appellees:        Inga Van Eysden, New York City Law Department, New York, N.Y. (Michael A. Cardozo, Corporation Counsel of the City of New York, Paul Rephen, of counsel, *on the brief*)

───────────────

* The Honorable Brian M. Cogan, United States District Court for the Eastern District of New York, sitting by designation.

Appeal from a judgment of the United States District Court for the Southern District of New York (Swain, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Edward J. Sullivan, pro se, appeals from the district court's grant of summary judgment to the City of New York, The New York City Police Department and the New York City Police Pension Fund, the State of New York and the New York State Civil Service Commission (together, "City") in his action alleging discrimination on the basis of his disability. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

We review a district court's grant of summary judgment de novo, construing the evidence in the light most favorable to the non-moving party. *See Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003). In doing so, this Court must determine whether the district court properly concluded that there were no genuine issues of material fact and the moving party was entitled to judgment as a matter of law. *Id.* However, "conclusory statements or mere allegations [are] not sufficient to defeat a summary judgment motion." *Davis v. State of New York*, 316 F.3d 93, 100 (2d Cir. 2002).

We affirm the grant of summary judgment without reaching the merits of the district court's analysis of the Lily Ledbetter Fair Pay Act of 2009. Our case law makes clear that so long as a disabled individual who is eligible for either a service pension or a disability pension is given a choice between the two pensions, it is legal under the ADA for a disability pension to provide a different level of benefits than a service pension -- even if that level of benefits is lesser *Castellano v. City of New York*, 142 F.3d 58, 71 (2d Cir. 1998). To violate the ADA, then, the City must have deprived Sullivan of a choice of pension plan. The ADA does not apply retroactively to acts occurring before its effective date of July 26, 1992. the effective date. *Smith v. United Parcel Serv. of Am., Inc.*, 65 F.3d 266, 266 (2d Cir. 1995). Even assuming Sullivan was impermissibly forced into the disability pension plan in 1986, his claim predates the ADA, and is thus barred.

The district court properly dismissed Sullivan's equal protection claim because Sullivan failed to meet his burden to negate "any reasonably conceivable state of facts that could provide a rational basis for the [challenged] classification." *Bd. of Trs. of the Univ. of Ala. v. Garrett*, 531 U.S. 356, 367 (2001).

We have considered the remainder of Sullivan's arguments and find them to be without merit. Accordingly, it is hereby **ORDERED** that the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

2